OPINION
{¶ 1} Linita Pettigrew pleaded guilty to endangering children in the Montgomery County Court of Common Pleas and was sentenced to two years of imprisonment. She appeals her sentence, raising two assignments of error.
 {¶ 2} Pettigrew was charged by indictment with endangering children on November 8, 2001. The charge resulted from an incident in which her eight-month-old son sustained serious injuries to his head, including a linear fracture on his skull. On January 23, 2002, Pettigrew pled guilty to the offense as part of a plea bargain in which the state agreed not to oppose community control sanctions. The trial court stated that it would consider imposing community control sanctions rather than a prison term based upon Pettigrew's level of cooperation with the Montgomery County Children Services Board ("MCCSB"), the police department, and the prosecutor's office.
 {¶ 3} A presentence investigation report ("PSI") was completed and submitted to the trial court prior to Pettigrew's March 6, 2002 sentencing. At the sentencing hearing, the trial court noted that Pettigrew had not sufficiently cooperated with MCCSB and had shown little regard for her child. Despite Pettigrew's attempts to explain her conduct, the court sentenced her to two years of imprisonment.
 {¶ 4} Pettigrew appeals, raising two assignments of error, which we will address in reverse order.
 {¶ 5} "II. The record does not demonstrate that the court gave adequate consideration to applicable statutory guidelines when imposing appellant's sentence."
 {¶ 6} Under this assignment of error, Pettigrew argues that the trial court did not make required findings in sentencing her to jail time rather than community control sanctions.
 {¶ 7} R.C. 2929.13(D) applied to Pettigrew's sentencing:
 {¶ 8} "[F]or a felony of the * * * second degree * * * it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code. Notwithstanding the presumption established under this division, the sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender of a felony of the * * * second degree * * * if it makes both of the following findings:
 {¶ 9} "(1) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.
 {¶ 10} "(2) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense."
 {¶ 11} Thus, there was a presumption that Pettigrew's conviction for a second degree felony warranted a prison term, and no findings were required under this section because the court did not elect to deviate from the presumption and sentence Pettigrew to community control sanctions. Furthermore, the trial court complied with R.C. 2929.14(B) by sentencing Pettigrew, who had not previously served a prison term, to the minimum prison term authorized by statute. However, Pettigrew argues that the court failed to indicate that it engaged in the analysis set forth in R.C. 2929.12(B) and (C) regarding whether Pettigrew's conduct was more or less serious than conduct normally constituting the offense. We have stated that it is not necessary that a court specifically articulate that it considered these factors. See State v. Hamilton (May 14, 1999), Darke App. No. 1474. Rather, where the court's sentence is within the statutory guidelines, we presume that the court considered the factors contained in R.C. 2929.12 absent an affirmative showing that the court failed to do so. See State v. Garrison (1997), 123 Ohio App.3d 11, 18, 702 N.E.2d 1222. Pettigrew has made no such showing here. It appears from our reading of the record that the court reviewed the PSI, which conducted a detailed analysis of the factors of R.C. 2929.12. Furthermore, despite Pettigrew's assertions to the contrary, no factors exist to indicate that Pettigrew committed less serious conduct than that conduct normally constituting the offense of child endangering, and several factors existed indicating that her conduct was more serious than conduct normally constituting the offense. In any event, the trial court having already determined that a prison term was the appropriate sentence, the only remaining function of the R.C. 2929.12 factors was to inform the determination of the length of Pettigrew's sentence. Because the trial court sentenced Pettigrew to the minimum prison term for a second degree felony, there can be no prejudice in the trial court's failure to discuss the factors on the record.
 {¶ 12} In short, the trial court adhered to the presumption that a prison term was necessary for a second degree felony and sentenced Pettigrew to the minimum term. In doing so, the court fully complied with the applicable statutes.
 {¶ 13} The second assignment of error is overruled.
 {¶ 14} "I. Appellant's sentence is contrary to the law and unsupported by the record."
 {¶ 15} Under this assignment of error, Pettigrew argues that the record did not support a sentence of imprisonment rather than community control sanctions. She argues that the record did not support the trial court's conclusions.
 {¶ 16} In deciding to sentence Pettigrew to a prison term rather than community control sanctions, the trial court concluded that she had not cooperated with MCCSB, failing to keep appointments, seek evaluation, or schedule anger management classes and that she had shown little regard for her child. Pettigrew responded that her child's attorney had advised her not to take a psychological test and that, when she finally had her case worker make the appointment, she could not get an appointment prior to the sentencing hearing. She also had an anger management class scheduled for after the hearing. She stated that she did have regard for her son. The trial court, however, indicated that it did not believe that she was sincere, that she had shown a lack of responsibility and concern, and that she needed time in the institution to consider what she had done and what she needed to do to better parent her children.
 {¶ 17} In her brief, Pettigrew portrays herself as a young mother suffering from abuse at the hands of the child's father, who was the true aggressor in the incident resulting in her child being injured. She further argues that the record reflects her remorse and her acceptance of responsibility for the injury to her child. We do not believe that the record reflects that she had accepted responsibility for the incident. Even at the hearing, she appeared to be maintaining that her child's father had injured her child and did not take responsibility for having injured the child herself. Furthermore, the record supports the trial court's determination that Pettigrew did not fully cooperate with MCCSB. According to the PSI, she missed appointments, failed to attend a psychiatric evaluation, failed to attend or schedule appointments for home-based parenting education, and failed to schedule anger management classes. Although Pettigrew maintained at the hearing that she had scheduled some of these appointments, she waited until the last moment to do so, and the court concluded that she likely did so only because the court had informed her attorney that it was going to sentence her to jail time. Thus, the record supports the trial court's conclusion that imprisonment was an appropriate sentence for Pettigrew.
 {¶ 18} The first assignment of error is overruled.
 {¶ 19} The judgment of the trial court will be affirmed.
BROGAN, J. and GRADY, J., concur.